UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x

TONY CLANTON,
                                  Plaintiff,

      -against-

COMMISSIONER MARTIN HORN, et al.,

                               Defendants.
-------------------------------------------------------- x

**ORDER GRANTING MOTION**
**TO DISMISS THE COMPLAINT**

08 Civ. 5801 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

         On March 5, 2009, Defendant Commissioner Martin Horn filed a motion to dismiss the Amended Complaint in this action, pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff, proceeding pro se, submitted opposition papers dated March 26, 2009 and received in chambers on April 24, 2009. For the reasons described below, I grant Defendant Horn's motion, and dismiss the Amended Complaint as against all defendants.

         Plaintiff filed the Amended Complaint on September 5, 2008. He alleges that he was not allowed to visit the law library of the Manhattan Detention Complex while he was detained there for pretrial purposes on state charges. Plaintiff was held in "close custody," a designation reserved for inmates who pose a security threat. According to facility policy for close custody inmates, he was permitted "cell study" in place of physical visits to the law library. While detained, Plaintiff sought and received two court orders, each of which ordered that Plaintiff be allowed to access the law library "to the extent permitted" by the rules and policies of the facility. Plaintiff claims that, by restricting him to cell study, Defendants violated his constitutional right to due process, forcing him to accept a plea agreement which he would not otherwise have accepted. He seeks monetary damages and injunctive relief guaranteeing him future access to the law library.

To dismiss a complaint pursuant to Fed. R. Civ. P. 12(b)(6), a court must find "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Tarshis v. Riese Org., 211 F.3d 30, 35 (2d Cir. 2000) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007). The court "must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." Tarshis, 211 F.3d at 35. The court's function is "not to assay the weight of the evidence which might be offered in support" of the complaint, but "merely to assess the legal feasibility" of the complaint. Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir. 1980). Importantly, the court must interpret the pleadings of a pro se plaintiff "to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

Plaintiff's allegations are legally insufficient. Courts have routinely rejected library access claims by prisoners who are denied access because they are classified as dangerous. See, e.g., Merriweather v. Sherwood, 235 F. Supp. 2d 339, 348 (S.D.N.Y. 2002) ("The United States Supreme Court has held that a correctional facility's decision to restrict 'lockdown prisoners' access to law libraries' deserve[s] substantial deference, 'since the inmates in lockdown include "the most dangerous and violent prisoners in the [] prison system," and other inmates presenting special disciplinary and security concerns.'" (quoting Lewis v. Casey, 518 U.S. 343 (1996))). Plaintiff was allowed to read library materials in his cell, which is an "adequate alternative means of performing legal research" for constitutional purposes. Id. at 348; see Santiago v. N.Y.C. Dep't of Corr., No. 97 Civ. 9190 (LBS) (GWG), 2003 U.S. Dist. LEXIS 3084, at *13 (S.D.N.Y. Mar. 6, 2003). Moreover, Plaintiff was represented by counsel throughout his term of pretrial custody. Court filings, as well as the Amended Complaint, reveal

active efforts by Plaintiff's counsel in his defense during the relevant period. "'[I]if an inmate is represented by counsel, there can be no violation of his constitutional right to access to the courts as a matter of law.'" Santiago, 2003 U.S. Dist. LEXIS 3084, at *16 n.2 (quoting Santiago v. James, No. 95 Civ. 1136 (JFK), 1998 U.S. Dist. LEXIS 12318 (S.D.N.Y. Aug. 11, 1998)).

Accordingly, Plaintiff's complaint is legally insufficient as against Defendant Horn, as well as against the other named defendants, all prison officials allegedly involved in denying Plaintiff library access. Therefore, the case is hereby dismissed as against all defendants. See 28 U.S.C. § 1915(e)(2)(B)(ii) (directing sua sponte dismissal of in forma pauperis actions if complaint "fails to state a claim upon which relief may be granted").

The Clerk shall mark the motion (Doc. #14) as terminated, and the case as closed.

SO ORDERED.

Dated:  May ___, 2009
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

3